IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

MICH AUREL, #317239     *
    Plaintiff
  v.         *  CIVIL ACTION NO. ELH-17-335

WEXFORD HEALTH SOURCES, Inc., *et al*. *
    Defendants
\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

MICH AUREL, #317239     *
    Plaintiff
  v.         *  CIVIL ACTION NO. ELH-17-336

WEXFORD HEALTH SOURCES, Inc., *et al*. *
    Defendants
        \*\*\*\*\*

**<u>MEMORANDUM</u>**

On February 3, 2017, Mich Aurel, a self-represented inmate confined at the North Branch Correctional Institution ("NBCI"), filed a prisoner civil rights action under 42 U.S.C. § 1983 (ECF 1), as well as a motion for leave to proceed in forma pauperis. ECF 2.[1] The complaint is designated as Civil Action No. ELH-17-335  ("Aurel I").  In Aurel I, Aurel has sued Wexford Health Sources, Inc. ("Wexford"), the private health care contractor that provides health care to inmates at the Department of Public Safety and Correctional Services, and eighteen individuals who are nurses, physicians, and medical staff.

Aurel claims that he has been denied access to adequate medical care in connection with his "catastrophic fall" from the top bunk on March 21, 2016 (Aurel I, ECF 1 at 4), has symptoms of

---

[1] The Maryland Department of Public Safety and Correctional Services ("DPSCS") lists plaintiff as Mich Aurel on its "inmate locator" website.  Although plaintiff was prosecuted as Aurel Mich in the Maryland courts, I will refer to him per the DPSCS designation of Mich Aurel.

head, lower back and hip pain, and has been denied pain medication for more than 290 days.  *Id.*
Aurel also states that he has filed 59 sick-call slips.  *Id.*  He seeks $1,000,000 in damages.

Also on February 3, 2017, Aurel filed another prisoner civil rights action against the
identical NBCI medical staff (ECF 1), along with a motion for leave to proceed in forma pauperis
(ECF 2).  The case is instituted as Civil Action No. ELH-17-336 ("Aurel II").  In Aurel II, Aurel
asserts:  "I am kill slow [by defendants]."  *Id.*, ECF 1 at 4.  He complains that, since 2009, he has
had abdominal pain, chronic constipation, and blood in his stool.  He also asserts that he has liver,
throat, prostate, colon, and thyroid cancer, and has suffered from the "malice and gross negligence"
of prison medical staff for the past eight years.  *Id.*  In addition, he asserts that he has been denied
the proper medication.  *Id.*

Aurel is litigious.  These cases represent the thirty-first and thirty-second actions he has filed
in this court during the past five years, most of which have been assigned to me.[2]  In three of those

---

[2] In addition to these actions, Aurel has filed thirty other cases in this court.  They are
*Aurel v. United States.*, Civil Action No.  JKB-11-1297 (D. Md.); *Aurel v. Wexford*, Civil Action
No. ELH-13-3721 (D. Md.); *Aurel v. Jefferson, et al.*, Civil Action No. ELH-14-352 (D. Md.);
*Aurel v. Shearin, et al.*, Civil Action No. ELH-14-374 (D. Md.); *Aurel v. Jessup Correctional
Institution Mail Room*, Civil Action No. ELH-14-958 (D. Md.); *Mich v. Nice, et al*., Civil Action
No. JKB-14-1397 (D. Md.); *Aurel v. North Branch Correctional Institution, et al.*, ELH-14-3036
(D. Md.); *Mich v. Yacenech, et al.*, Civil Action No. JKB-14-1473 (D. Md.); *Aurel v. Wexford
Health Sources, Inc., et al.*, Civil Action No.  ELH-15-1797 (D. Md.); *Aurel v. Pennington, et
al.,* Civil Action No. JKB-14-1859 (D. Md.); *Aurel v. Mail Room at North Branch Correctional
Institution, et al*., ELH-14-2813 (D. Md.); *Aurel v. Warden*, ELH-15-258 (D. Md.); *Aurel v.
Warden*, ELH-15-1127 (D. Md.); *Aurel v. Warden*, ELH-15-1128 (D. Md.); *Aurel v. Miller, et
al.*, ELH-15-1422 (D. Md.); *Aurel v. Kammauf, et al.*, ELH-15-1581 (D. Md.); *Aurel v. Gainer,
et  al.*, ELH-15-1750 (D. Md.); *Aurel v. Twigg*, ELH-15-1920 (D. Md.); *Aurel v. Jones, et al.*,
ELH-15-1928 (D. Md.); *Aurel v. Rose.*, ELH-15-2604 (D. Md.); *Aurel v. Thrasher*, ELH-15-
3142 (D. Md.); *Aurel v. Sawyers, et al*., Civil Action No. ELH-16-280 (D. Md.);  *Aurel v. North
Branch Correctional Institution, et al.*, Civil Action No. ELH-16-850 (D. Md.); *Aurel v. North
Branch Correctional Institution, et al.*, Civil Action No. ELH-16-851 (D. Md.); *Aurel v. Wexford
Health Sources, et al.*, Civil Action No. ELH-16-1293 (D. Md.); *Aurel v. Warden*, Civil Action

cases Aurel was granted leave to proceed in forma pauperis pursuant to the provisions of 28 U.S.C. § 1915(a).  However, the cases were dismissed as frivolous or for the failure to state a claim.  Aurel was notified that the dismissals constituted "strikes" under § 1915(e),[3] and that a prisoner is not allowed to bring a civil action under the provisions of 28 U.S.C. § 1915 if he "has, on 3 or more occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).[4]  *See Blakely v. Wards*, 738 F.3d 607, 613-15, 617 (4th Cir. 2013) (en banc); *Jacobs v. Carr*, ____ Fed. App'x ____, No. 16-6372 (4th Cir. Feb. 7, 2017).

As Aurel's cases are subject to review under 28 U.S.C. § 1915(g), he may not proceed in these actions unless he (1) submits the $400.00 civil filing fee or (2) moves to proceed in forma pauperis and provides particularized factual allegations establishing that he is subject to imminent danger of serious physical injury.  To the extent that his current allegations may be construed as

---

No. ELH-16-1494 (D. Md.); *Aurel v. Nines, et al.*, Civil Action No. ELH-16-1839 (D. Md.); *Aurel v. Fornay, et al*., Civil Action No. ELH-16-2941 (D. Md.); *Aurel v. Nines, et al.*, Civil Action No. ELH-16-2942 (D. Md.), and *Aurel v. Bohrer*, Civil Action No. ELH-16-3858.

[3] *See Mich v. Nice, et al*., Civil Action No. JKB-14-1397 (D. Md.); *Aurel v. Gainer, et al.*, ELH-15-1750 (D. Md.);  and *Aurel v. Jones, et al.*, ELH-15-1928 (D. Md.).

[4] Specifically, §1915(g) mandates:

In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

raising an imminent danger exception, I observe that in another case, he previously raised similar claims regarding the denial of medical care for "catastrophic injuries" sustained from the March 2016 fall from his bunk.   *See Aurel v. Wexford Health Sources, Inc., et al.*, Civil Action No. ELH-16-1293.   And, he raised identical claims regarding his abdominal issues, constipation, positive occult blood samples, and alleged cancers in several earlier cases: *Aurel v. Wexford*, Civil Action No. ELH-13-3721; *Aurel v. Warden , et al.*, Civil Action No. 15-1127; and *Aurel v. Wexford Health Sources, Inc., et al.*, Civil Action No. ELH-15-1797.   In all cases, Aurel's medical issues were fully briefed throughout 2014 to 2016.   The court examined Aurel's health care claims and granted judgment in favor of the medical defendants.

Aurel's recurring complaints concern issues that have been briefed and exhaustively reviewed by this court over the past few years.   To be sure, I shall not turn a deaf ear to Aurel's cries.   But, I see no reason to revisit these claims at this time.   Consequently, I find there is no plausible basis for granting Aurel review of his current claims under the § 1915(g) exception.

Aurel is forewarned that should he attempt to file future civil rights actions in this court, they must be accompanied by the civil filing fee.   In the alternative, a complaint filed with an indigency application must argue and demonstrate that Aurel is in imminent danger of serious physical harm.

Accordingly, Aurel's motions to proceed in forma pauperis shall be denied and his complaints shall be dismissed without prejudice by separate Order.

Date:  February 8, 2017                           _____/s/_____
                                                                   Ellen L. Hollander
                                                                   United States District Judge

4